DÍAZ, PLAINTIFF AND APPELLEE, *v.* RIVERA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action of Denial of Servitude.

No. 3068.—Decided July 12, 1924.

SERVITUDE—DENIAL OF SERVITUDE—PARTIES.—The usufructuary of a lot belonging to the municipality and owner of a house thereon has a right to bring an action for denial of servitude, provided the municipality is included as plaintiff or defendant.

The facts are stated in the opinion.
*Mr. J. C. Rivera* for the appellants.
*Mr. F. González Fagundo* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendant appeals from a decree ordering the closing of certain windows and the removal of a stairway constructed within less than the prescribed distance from the premises

occupied by the plaintiff; and insists that the court below erred:

"(1) In overruling a demurrer that the complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiff;

"(2) In overruling the defense of estoppel raised by the defendants;

"(3) In weighing the whole evidence introduced by each of the parties at the trial and the proceedings followed, and in finding that the preponderance of the evidence was in favor of the plaintiff, the lower court thereby showing partiality or prejudice against the defendants.

"(4) In not taking into consideration the local customs in vogue in Gurabo elucidating the scope and meaning of the ordinance in question."

The proposition as submitted under the first assignment is subdivided thus:

"(a) That the bringing of an action in denial of a servitude is the sole and exclusive right of the owner of the property, farm or tenement whose freedom is sought;

"(b) That a municipality cannot be made party defendant to a suit of this kind without first requesting it to join the plaintiff, or what is the same, without pleading and showing that said municipality refused to be joined as party plaintiff;

"(c) That the interpretation given to the ordinance in question by the lower court is virtually an implied declaration that said ordinance is unconstitutional because it takes from a citizen the free use and enjoyment of his property rights without due process of law."

The second subdivision savors of a misjoinder of parties defendant, of which the municipality makes no complaint, rather than of a want of facts sufficient to constitute a cause of action. The third, if considered at all by the court below or even raised by the demurrer, is not supported in the brief by any citation of authority or argument that deserves serious consideration.

The first is substantially disposed of by the trial judge,

and somewhat more effectively than at the time of overruling the demurrer, in deciding the case on its merits, in this wise:

"In view of these facts and the answer to the complaint, we have only to consider and decide the following two points:

"May the plaintiff bring an action in denial of servitude without being the owner of the lot, making the Municipality of Gurabo, the owner, a party defendant?

"May the defendant utilize a part of the alley or passage that should run between the two houses for the purpose of constructing the stairway of his house?

"As to the first point we take an affirmative view, basing our conclusion on the jurisprudence laid down by the Supreme Court of Porto Rico in the case of Díaz v. Guerra, 18 P.R.R. 790. It is there held that since the plaintiff was not the owner of the lot on which the house was built, such ownership vesting in the Municipality of Río Piedras—which was neither party plaintiff nor party defendant to the suit—the plaintiff had no right to bring an action in denial of servitude. In short, the Supreme Court held that in an action of this kind the municipality, owner of the land, should be either plaintiff or defendant, but this judgment can never be given the construction sought by the defendant, namely, that as the plaintiff is not the owner of the lot and the municipality takes no action, a servitude of light and view may be established to the sole detriment of the tenant of the lot who owns the house. This would lead to combinations in prejudice of a person in violation of our laws. A person owning a property, the right to use which pertains to another, may impose thereon without the consent of the usufructuary, such servitudes as do not affect the right of usufruct, but this cannot be done in the present case, since the servitude involved is one of light and view which would adversely affect the house and not the lot. According to our view the usufructuary of the lot, who is the owner of the house, is clearly entitled to bring an action in denial of servitude, always provided that the owner of the lot be made a party plaintiff or defendant, and in the case at bar the municipality was made a party defendant, undoubtedly because the representatives of the municipality did not attend to the protests of the plaintiff and by its silence impliedly acquiesced in the acts of defendant Gregorio A. Rivera.

"But, looking deeper into this question, the court is of the opin-

ion that the theory sustained by the Supreme Court of Porto Rico has not been upheld in .subsequent decisions and may be said to have been modified. See the case of Sociedad Agrícola de Gurabo v. Hernández et al., 19 P.R.R. 777, and Rabell v. Rodríguez et al., 24 P.R.R. 526. No question is here involved of whether the defendant has the right to the servitude of light and view, since he has made no such plea. It has been shown and proved that in view of the distance between the wall of defendant's house and the line separating the properties, defendant Gregorio A. Rivera is not entitled to the servitude of light and view claimed by him, since the distance of two meters prescribed by section 589 of the Civil Code is lacking.

"In the above case and in the case of García v. García, 25 P. R.R. 119, the Supreme Court lays down the following doctrine:

" 'It is not a question here of openings or windows thirty centimeters square made at the height of the ceiling joists. The defendant has gone further. He has made openings for doors and windows with direct views in a contiguous wall which he would have a right to make, pursuant to said section 589, only if the wall of his house were built at a distance of two meters from the line dividing his and the plaintiff's lots.

" 'Can the existence of the ancient interdicts and the fact that the plaintiff's predecessor did not resort to the *new construction* in order to enforce his rights within the time prescribed by the law influence the decision in this case? By no means.'

"As to the second point, the defense of estoppel is not supported by the evidence. There is no possible relation between this case and that of Rabell v. Rodríguez, *supra.* In the present case the plaintiff protested immediately after the construction of the stairway was begun and it was when .the municipal authorities failed to take any action whatever that he filed a complaint in this court asking for the removal of the stairway.

"It should be noted that it was after the building was terminated that it was sought to erect the stairway by utilizing the half of the passage between the two properties. A proper construction of the municipal ordinance in force in the municipality of Gurabo providing 'that between a frame house and a concrete building there shall be a space of two meters divided into two equal parts, each meter to be subject to the servitude of the adjoining house' will not justify a conclusion that one of the neighboring occupants takes part of the passage with the building, for this is not in harmony either with

the letter or the spirit of the ordinance. So true is this that in the case of the Sociedad Agrícola de Gurabo v. Hernández et al., 19 P.R.R. 777, it was held that Hernández could not occupy a part of the passage existing between the two houses, since this would be in violation of a municipal ordinance and worked a hardship on the plaintiff in that if she desired later to rebuild the house she would be necessarily compelled to leave a space of two meters which is the space required between two frame houses.

"Custom is relied on by the defendant as the law in the case, but when there is a clear and conclusive statute the right based on usage is not applicable, but is reserved for cases where no written law exists.

"The violations of the ordinance that have taken place in Gurabo and upon which no action has been taken do not create a situation that would take from Manuel Díaz Marxuach the right he enjoys under the ordinance in force."

Aside from the question of modification of the former ruling of this court in later decisions, which is a matter that need not be determined or discussed at this time, we find in the foregoing extract, which covers the fourth as well as the first assignment, no such error as to require a reversal.

The second assignment might have prevailed had not defendant, on cross examination of the two principal witnesses for the plaintiff, established a fact not brought out on direct examination, to wit, that timely protest was made not only to the municipal authorities but also to the defendant Rivera in person.

A careful examination of the stenographic record discloses no such manifest error in the weighing of the evidence as to justify this court in disturbing the judgment appealed from, which must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.